## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Daran Cohn

       *Plaintiff*

  v.

The Pennsylvania State University

       *Defendant*

Civil Action No.  2:19-cv-02857-GEKP

**DEFENDANT, THE PENNSYLVANIA STATE UNIVERSITY'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFF, DARAN COHN'S OPPOSITION TO THE MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**

**WHITE AND WILLIAMS LLP**
Geoffrey F. Sasso (ID: 202936)
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103-7395
Phone:  215-864-6245/6000
sassog@whiteandwilliams.com
*Attorneys for Defendant, The
Pennsylvania State University*

## **TABLE OF CONTENTS**

PRELIMINARY  STATEMENT ..................................................................................................1

ARGUMENT ..........................................................................................................................1

I.      There Is No Legal or Factual Basis to Estop Penn State From Asserting the
        Statute of Limitations...............................................................................................1

II.     Plaintiff Makes No Response to Penn State's Arguments Regarding Counts I-III,
        V, and VII of the Amended Complaint.....................................................................3

III.    Plaintiff Has Not and Cannot Allege the Existence of an Implied Contract in the
        Form of the PA Program Handbook ........................................................................4

IV.     Plaintiff Concedes that the Amended Complaint Fails to State Claims for Punitive
        Damages, Equitable Damages, Specific Performance, Declaratory Judgment, and
        Declaratory Relief....................................................................................................5

CONCLUSION..........................................................................................................................5

23952182v.1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

Arango v. Winstead,
  352 Fed. Appx. 664 (3d Cir. 2009)........................................................................5

Atlas Corp. v. United States,
  895 F.2d 745 (Fed. Cir. 1990)................................................................................4

Bradshaw v. The Pennsylvania State University,
  2011 U.S. Dist. LEXIS 36988 (E.D. Pa. 2011) .....................................................4

Cada v. Baxter Healthcare Corp.,
  920 F.2d 446 (7th Cir. 1990) .................................................................................1

Carroll v. Millersville,
  2019 U.S. Dist. LEXIS 96089 (E.D. Pa. June 6, 2019) .........................................4

Cerbone v. International Ladies' Garment Workers' Union,
  768 F.2d 45 (2d Cir. 1985).....................................................................................1

Copenhaven v. Borough of Bernville,
  2003 U.S. Dist. LEXIS 1315 (E.D. Pa. January 9, 2003) ......................................3

In the Matter of Penn Central Transportation Company,
  831 F.2d 1221 (3d Cir. 1987).................................................................................4

Miller v. Cadmus Communs.,
  2010 U.S. Dist. LEXIS 19283 (E.D. Pa. 2010) .....................................................3

Oshiver v. Levin, Fishbein, Sedran & Berman,
  38 F.3d 1380 (3d Cir. 1994)...................................................................................1

Rorrer v. Cleveland Steel Container Corp.,
  2012 U.S. Dist. LEXIS 5455 (E.D. Pa. 2012) .......................................................3

Wright v. O'Hara,
  2002 U.S. Dist. LEXIS 15327 (E.D. Pa. August 14, 2002)....................................5

## PRELIMINARY STATEMENT

The only issue before this Court is whether Plaintiff's Amended Complaint states valid causes of action. Plaintiff offers no argument or legal authority on this issue and, instead, seeks to estop Penn State from defending itself due to alleged errors made by Plaintiff's prior counsel. There is no merit to Plaintiff's position or her bald claim that she "believes she has alleged sufficient facts to constitute valid causes of action." Because Plaintiff can never recover on the challenged causes of action or recover the challenged forms of damages, Penn State again requests that its Motion to Dismiss be granted in its entirety.[1]

Penn State respectfully requests oral argument.

## ARGUMENT

**I.    THERE IS NO LEGAL OR FACTUAL BASIS TO ESTOP PENN STATE FROM ASSERTING THE STATUTE OF LIMITATIONS**

Plaintiff seeks to equitably estop Penn State from asserting the statute of limitations. Under Pennsylvania law, equitable estoppel may bar a defendant's use of the statute of limitations if a plaintiff is aware of the existence of a claim but a defendant has either: (i) misrepresented the length of the limitations period or (ii) lulled the plaintiff into believing litigation is not necessary. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1389-1390 (3d Cir. 1994), citing Cada v. Baxter Healthcare Corp., 920 F.2d 446 (7th Cir. 1990), citing Cerbone v. International Ladies' Garment Workers' Union, 768 F.2d 45 (2d Cir. 1985). Here, neither the Amended Complaint (which is the operative document) nor Plaintiff's opposition provide any support for a claim of equitable estoppel.

---

[1] While Penn State recognizes that reply briefs are generally disfavored, it files this short reply primarily to address Plaintiff's new arguments of estoppel and implied contract.

23952182v.1

At no time does Plaintiff allege that Penn State misrepresented the applicable limitations period.  Rather, Plaintiff alleges that her prior counsel misled her because he miscalculated the applicable statute of limitations.[2]  See Plf. Opp. at ¶¶ 103-104.  Quite obviously, an omission by another individual - particularly Plaintiff's agent - is not attributable to Penn State and cannot be used to estop Penn State use of a defense.

Plaintiff also vaguely alleges that: "[t]hrough Ms. Cohn's legal counsel, Penn State represented that Ms. Cohn could still earn her degree with the completion of 'a few outstanding requirements…'" before incorporating her September 2019 filing outlining her prior counsel's alleged omissions.  See Plf Opp at ¶¶ 100-102.  However, Plaintiff's September 2019 filing belies any claim that this alleged, vague statement by Penn State – which Penn State denies making – can be used to estop Penn State:

> I asked Kershenbaum to find out about whether I would be able to obtain my degree, and why/why not.  In the end, he never followed through with obtaining an **actual, direct answer to this question.** For example, the answer I received was that there were still "outstanding requirements."  The facts of my case – i.e., that I had completed all courses toward my degree at the time of my dismissal from the school – demonstrate that there were not outstanding requirements.  I asked Kershenbaum repeatedly to follow this up, but **I did not receive an answer.**

---

[2] Plaintiff's opposition brief refers to her September 2019 submission that outlines alleged errors made by her prior counsel and reads as such:

> Statute of limitations, what mine were, or how they applied in my case were never told to me.  Not once was this issue ever brought up.  The only time "statute" was ever mentioned in conversation was once around the time that Kershenbaum/Wollaston were drafting a "letter to counsel" in June/July of 2018 to mention in passing conversation that "the statute for breach of contract is 4 years in PA."  I did not know what this meant, but 4 years seems liked a long time, so I did not ask, and they offered no further information about the matter.

> The next time the word "statute" was mentioned was in the end of January 2019 in a phone conversation that I had with Kershenbaum and my mother because I brought it up to ask him what deadlines I might be facing.  He told me that he was "not aware of any statue (sic) deadlines approaching."

Doc. 6-1 at p. 40.

Doc. 6-1 at p 24 (emphasis supplied).  Thus, by Plaintiff's own admission, Penn State never made any representations regarding whether she could obtain her degree.  Therefore, even assuming Plaintiff and/or her counsel were aware of the applicable statute of limitations, there is no basis for Plaintiff to claim that she relied on this so-called statement to her detriment.[3]  Simply put, Plaintiff has failed to plead or argue any facts that would support her use of equitable estoppel and, therefore, all time-barred claims should be dismissed with prejudice.

## II.   PLAINTIFF MAKES NO RESPONSE TO PENN STATE'S ARGUMENTS REGARDING COUNTS I-III, V, AND VII OF THE AMENDED COMPLAINT

It was incumbent upon Plaintiff to put forth legal authority demonstrating why her causes of action are valid.  Rorrer v. Cleveland Steel Container Corp., 2012 U.S. Dist. LEXIS 5455 (E.D. Pa. 2012), citing Miller v. Cadmus Communs., 2010 U.S. Dist. LEXIS 19283 (E.D. Pa. 2010) (motion deemed unopposed due to opposition's failure to offer legal discussion); Copenhaven v. Borough of Bernville, 2003 U.S. Dist. LEXIS 1315 (E.D. Pa. January 9, 2003) ("Fully developed legal argument, citation to legal authority, and discussion of the relevant facts aid this Court in performing its duty, and ultimately in serving the ends of justice. Any brief in opposition or any other memorandum of law that is lacking even a modicum of these elements is woefully insufficient and inexcusable.").  Plaintiff offers no legal authority and her opposition merely repeats the allegations of her Amended Complaint before baldly claiming that she "believes she has alleged sufficient facts to constitute valid causes of action." See Plf. Opp at p. 14.  This is not the law and is a "woefully insufficient" opposition to Penn State's motion.  Accordingly, for the

---

[3] Of course, this does not take into account that, by the time Plaintiff retained her prior counsel in mid-2018, the two-year statute of limitations had already expired for claims arising from conduct that occurred in 2015 and the majority of 2016.

reasons set forth in the moving papers, Penn State respectfully requests dismissal of Counts I-II, V, and VII with prejudice.

### III.   PLAINTIFF HAS NOT AND CANNOT ALLEGE THE EXISTENCE OF AN IMPLIED CONTRACT IN THE FORM OF THE PA PROGRAM HANDBOOK

As to Count IV, Plaintiff seemingly concedes that Penn State's SAP Policy is not a contract, but claims her breach of contract claim should survive because she is of the belief that the PA Program Handbook is "at least an implied contract."  See Plf. Opp at p. 14.  No case law is cited in support of this claim.  Under Pennsylvania law, an implied contract is a contract formed through conduct in the absence of an express contract.  A party may only allege the existence of both an express contract and an implied contract if the terms of the contracts somehow differ.  In the Matter of Penn Central Transportation Company, 831 F.2d 1221 (3d Cir. 1987); see also Atlas Corp. v. United States, 895 F.2d 745, 654 (Fed. Cir. 1990) ("The existence of an express contract precludes the existence of an implied contract dealing with the same subject, unless the implied contract is entirely unrelated to the express contract.").  Since Plaintiff alleges that Penn State breached express terms of the handbook – an allegation that Penn State denies – she cannot simultaneously claim that the same written, *express* terms form the basis of an *implied* contract.  See Doc. 3 at ¶¶ 20; 36-40; 175.

Moreover, regardless of whether Plaintiff is claiming the existence of an implied and/or an express contract, her allegation that Penn State is a "public university" renders void her allegation that the handbook is any form of contract.  Carroll v. Millersville, 2019 U.S. Dist. LEXIS 96089 (E.D. Pa. June 6, 2019); Bradshaw v. The Pennsylvania State University, 2011 U.S. Dist. LEXIS 36988 (E.D. Pa. 2011)  Plaintiff does not address this argument nor does she address the fact that she has not alleged that she complied with her obligations under the handbook, a necessary element

of her claim.[4]   Accordingly, Plaintiff has not meaningfully opposed Penn State's argument

regarding Count IV and this claim should be dismissed with prejudice.

## IV.   PLAINTIFF CONCEDES THAT THE AMENDED COMPLAINT FAILS TO STATE CLAIMS FOR PUNITIVE DAMAGES, EQUITABLE DAMAGES, SPECIFIC PERFORMANCE, DECLARATORY JUDGMENT, AND DECLARATORY RELIEF

Plaintiff does not address Penn State's arguments seeking dismissal of these forms of

damages and, therefore, has conceded that dismissal is appropriate and any opportunity to amend

would be futile.  See Wright v. O'Hara, 2002 U.S. Dist. LEXIS 15327, at 14, n. 7 (E.D. Pa. August

14, 2002) ("Plaintiff apparently concedes this point by failing to address this issue in his

memorandum opposing the motion to dismiss."); Arango v. Winstead, 352 Fed. Appx. 664 (3d

Cir. 2009) (dismissing claim and refusing to grant leave to amend because plaintiff had failed to

respond when the issue was raised in a motion to dismiss).

## <u>CONCLUSION</u>

Defendant, The Pennsylvania State University, respectfully requests that this Honorable

Court grant its motion and enter the relief set forth in the proposed form of Order.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By:     s/ Geoffrey F. Sasso
        Geoffrey F. Sasso (PA ID 202936)
        1650 Market Street
        One Liberty Place, Suite 1800
        Philadelphia, PA 19103-7395
        215-864-6245
        *Attorneys for Defendant,*
        *The Pennsylvania State University*

Dated:  January 6, 2020

---

[4] Penn State refers this Court to the facts contained in its pending Motion to Compel.  By way of review, Plaintiff was dismissed from the PA Program in May 2018 after she failed to timely submit her final assignments, an action that was a breach of both the PA Program Handbook and the letter agreement Plaintiff signed in December 2017.

## CERTIFICATION OF SERVICE

I, Geoffrey F. Sasso, hereby certify that, on this day, I served the following individuals with a true and correct copy of Defendant, The Pennsylvania State University's Memorandum of Law in Reply to Plaintiff, Daran Cohn's Opposition to the Motion to Dismiss via electronic mail and the ECF filing system:

Daran Cohn, *pro se*
5653 Como Circle
Woodland Hills, CA 91367

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By:  s/ Geoffrey F. Sasso
Geoffrey F. Sasso (PA ID 202936)
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
215-864-6245
*Attorneys for Defendant,*
*The Pennsylvania State University*

Dated:  January 6, 2020

23952182v.1