## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARAN COHN,** | : | |
| **Plaintiff** | : | **No. 1:20-cv-00961** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **PENNSYLVANIA STATE** | : | |
| **UNIVERSITY,** | : | |
| **Defendant** | : | |

## <u>MEMORANDUM</u>

Plaintiff Daran Cohn ("Plaintiff") commenced this action in 2019, asserting federal and state disability discrimination claims, among others, against Defendant Pennsylvania State University ("Defendant"). (Doc. No. 1.) From its inception to present day, this case has been fraught with delays and discovery impasses, most of which stemmed from Plaintiff's failures to respond to Defendant's discovery demands or participate in the discovery process generally. On numerous occasions, Defendant urged the Court to dismiss Plaintiff's claims for failure to prosecute, but the Court declined to do so, largely due to Plaintiff's medical conditions, which she asserted intermittently affected her ability to participate in this lawsuit. Over the past several months, however, without explanation, Plaintiff ignored Court orders and failed to appear for scheduled conferences. On May 24, 2022, the Court ordered Plaintiff to show cause, by June 3, 2022, why it should not dismiss this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff has not responded or otherwise indicated a desire to litigate this case any further. Accordingly, as discussed more fully below, the Court now finds it appropriate to dismiss Plaintiff's claims for failure to prosecute pursuant to Rule 41(b).

## I.    BACKGROUND

Plaintiff initiated this action <u>pro se</u> in the United States District Court for the Eastern

District of Pennsylvania in June 2019.  (Doc. No. 1.)  A former enrollee of Defendant's graduate

level physician assistant program ("PA Program"), Plaintiff alleges that Defendant failed to

provide her with disability-related accommodations, which negatively impacted her grades,

impeded her ability to perform academically, and resulted in her dismissal from the program.

Plaintiff further alleges that Defendant failed to follow its own policies and student handbook in

breach of contract and misrepresented her graduation eligibility and trajectory.

       In August 2019, Plaintiff filed a first amended complaint, and about one month later, on

September 19, 2019, Defendant moved for partial dismissal of her claims.  (Doc. Nos. 3, 5.)

After several unsuccessful attempts to obtain counsel, Plaintiff filed a motion for appointment of

counsel and an extension of time to respond to Defendant's motion for partial dismissal, citing

unspecified medical reasons and the need to obtain counsel.  (Doc. Nos. 6 at 1-2, 7.)  United

States District Judge Gene E.K. Pratter denied Plaintiff's motion for appointment of counsel but

granted her request for an extension of time to file a response to Defendant's motion.  (Doc. Nos.

8 n.1, 9.)  Plaintiff then filed—and Judge Pratter granted—additional requests for extensions of

time to respond to Defendant's motion, all based on her desire to obtain legal counsel.  (Doc.

Nos. 10, 12, 15-16.)  Plaintiff filed a pro se brief in opposition to Defendant's motion to dismiss

on December 30, 2019 (Doc. No. 17), and on February 12, 2020, Judge Pratter granted in part

Defendant's partial motion to dismiss (Doc. Nos. 25-26).

       Around the same time, on January 3, 2020, Defendant filed a Motion to Compel

Discovery and Deem Admissions Admitted stemming from Plaintiff's failure to provide

discovery responses and to provide disclosures pursuant to Federal Rule of Civil Procedure 26.

(Doc. No. 18.)  When Plaintiff did not respond to that motion, Judge Pratter directed her to do so.

(Doc. No. 21.)  By that time, Plaintiff had obtained counsel, Zachary Nahass, Esq. ("Attorney

Nahass"), who entered into a stipulation according to which Plaintiff agreed provide the discovery sought by Defendant and required by Rule 26. (Doc. No. 22.) Judge Pratter then scheduled an initial conference for March 11, 2020, and directed the parties to submit a joint Rule 26 report and proposed discovery plan. (Doc. No. 27.) Two days before the conference, Attorney Nahass filed, on Plaintiff's behalf, a second amended complaint ("SAC"). (Doc. No. 29.) After the conference, Judge Pratter issued a scheduling order setting October 30, 2020, as the date on which the final pretrial conference was to be held. (Doc. No. 30.)

In late March and early April 2020, Defendants filed a motion to dismiss the SAC (Doc. No. 31) and a Second Motion to Compel Discovery and Deem Admissions Admitted (Doc. No. 34). Plaintiff responded timely to the motion to dismiss (Doc. No. 32) but did not respond to the discovery motion, prompting Judge Pratter to issue an order directing Plaintiff to respond by May 12, 2020 (Doc. No. 35). Plaintiff responded to the discovery motion on that date and also filed a motion to quash a subpoena served upon Plaintiff's medical and mental health provider. (Doc. Nos. 36-38.) After the parties briefed both motions (Doc. Nos. 39-40), Judge Pratter denied Plaintiff's motion to quash (Doc. No. 42), stayed his determination of Defendant's discovery-related motion (Doc. No. 43), and granted in part Defendant's motion to dismiss the SAC (Doc. Nos. 44-45). Judge Pratter then approved the parties' stipulation by which they agreed that Defendant would respond to the SAC by June 6, 2020. (Doc. Nos. 46, 46-1.)

On June 10, 2020, Judge Pratter granted the parties' joint request to transfer this action to this Court. (Doc. No. 47-49.) After Defendant filed an answer to the SAC (Doc. No. 51), the parties submitted a joint motion for an extension of time to complete discovery. (Doc. No. 53.) The Court granted that motion, extended the deadline for the close of fact discovery to December 18, 2020, and scheduled a post-discovery conference for December 21, 2020. (Doc. No. 55.)

On November 6, 2020, Defendant submitted a letter to the Court indicating that Plaintiff's responses to discovery requests were again overdue, that Defendant had made several attempts to obtain the requested discovery, and that Plaintiff had not responded.  (Doc. No. 58.)[1] Defendant also represented that it had requested, on numerous occasions, that Plaintiff provide available dates on which to conduct her deposition—when Plaintiff did not respond to those requests, Defendant served notice that it would take Plaintiff's deposition on November 11, 2020, but Plaintiff apparently ignored that notice.  (Id.)  The Court directed Plaintiff to respond to Defendant's letter, and Attorney Nahass did so on November 10, 2020, submitting a letter stating that he had, by that time, responded to all outstanding discovery requests.  (Doc. Nos. 56-57.)  In the same letter, Attorney Nahass stated that Plaintiff could only be deposed remotely because she resided in California and suffers from an immunodeficiency condition.  (Id.)

Following this first of many hurdles to the completion of discovery in this matter, the Court ordered Plaintiff to appear for a remote, videotaped deposition on December 15, 2020. (Doc. No. 59.)  The parties deposed Plaintiff on that date but were unable to complete the deposition.  (Doc. No. 62 ¶ 3-5.)  The Court held a conference with the parties on December 21, 2020, after which it granted their joint motion to extend the deadline for the completion of fact discovery to March 18, 2021.  (Doc. No. 61.)   In January 2021, Defendant provided Attorney Nahass with several proposed dates on which to complete Plaintiff's deposition, provided additional dates after no response was received from Attorney Nahass, and then sent Attorney Nahass additional follow-up emails.  (Id.)  On January 29, 2021, Attorney Nahass advised Defendant that Plaintiff was available February 3, 2021, but that she had been "'experiencing an

---

[1] Defendant submitted its discovery-related letters directly to the Court via email only, after which the Court directed Defendant to e-file the same letters, which is why Defendant's letters were often docketed after Attorney Nahass e-filed his responsive letters.

4

uptick in symptoms of her autoimmune condition' that impact[ed] her ability to stay awake and alert." (Id. at 2.)  The parties agreed to wait until February 1, 2021, to determine whether Plaintiff's condition had resolved.  (Id.)

On February 1, 2021, Attorney Nahass wrote to Defendant stating: "I have tried to reach Ms. Cohn by email and telephone this morning, but have been unsuccessful in doing so.  I don't have any further information on her current condition.  It may make sense to push the continuation out another week or two to ensure that she has things under control." (Id.)  The parties adjourned the deposition, after which Defendant sent follow-up emails and called Attorney Nahass about possible deposition dates.  (Id.)  Attorney Nahass stated that he would report back to Defendant about whether and when Plaintiff could continue her deposition.  (Id.) Attorney Nahass did not report back, so Defendant sent follow-up emails to which Nahass did not respond.  (Id.)  Meanwhile, at the parties' request, the Court granted a further extension of the deadline for the completion of fact discovery, this time to April 30, 2021.  (Doc. No. 63.)

On February 22, 2021, Defendant submitted a letter requesting a conference and writing that "[s]cheduling Plaintiff's deposition in this lawsuit has been something of a struggle . . . ." (Id. at 1.)  Defendant, although "sensitive to Plaintiff's personal issue and more than willing to continue to work around it," stated that the "lawsuit needs to move forward and it is not moving forward due to repeated communication breakdowns." (Id. at 2.)  The Court, upon receipt of Defendant's letter, scheduled a conference for the purpose of discussing Plaintiff's inability to complete her deposition.  (Doc. No. 64.)  At the conference, Attorney Nahass represented that Plaintiff suffers from a medical condition and was not physically able to continue her deposition. Defendant indicated its frustration and stated that Plaintiff was using her medical condition only at convenient times (such as before a scheduled deposition) and not being completely honest

about the condition.  To address Defendant's concern that Plaintiff was using her medical

condition (or conditions) to avoid being deposed or having to participate in this litigation, the

Court ordered Plaintiff to provide copies of her medical records to Defendant to enable her to

prove that she could not sit for a remote deposition because of her medical condition and its

affect on her ability to stay awake and alert.  (Doc. No. 67.)

On March 15, 2021, after receiving copies of Plaintiff's medical records, Defendant

submitted a letter to the Court, writing, in relevant part:

> Plaintiff provided a package of medical records on Monday, March 8, 2021.  These
> records date back to early January and do not contain any opinion by a physician
> that Plaintiff is or ever was unable to sit for a deposition. These records also do not
> indicate that Plaintiff is or ever was suffering from issues related to alertness or an
> inability to stay awake.  In fact, the records repeatedly note that Plaintiff is "alert."
> The records also appear to indicate that the preexisting condition Plaintiff has
> referenced multiple times in this lawsuit largely (if not totally) resolved in 2019.
>
> In light of the foregoing, the undersigned wrote to Plaintiff's counsel in the evening
> of March 8, 2021, advised that the records do not support Plaintiff's claim,
> indicated that a firm deposition date needed to be set by the end of the week, and
> asked for dates upon which Plaintiff was available.  As of the date of this letter, no
> response has been received.

(Doc. No. 69 at 1.)  In the same letter, Defendant requested that the Court order Plaintiff to

"attend the second half of her deposition" and, if she failed to comply, dismiss her lawsuit for

failure to prosecute.  (Id. at 2.)  Defendant additionally noted that Attorney Nahass had not

responded to discovery requests (and a follow-up request) sent two months earlier.  (Id.)

Attorney Nahass responded, at the Court's directive, stating that "Plaintiff [] continued to

experience serious medical symptoms" that precluded her from continuing her deposition.  (Doc.

Nos. 68-69.)

On March 19, 2021, the Court ordered Plaintiff to provide, under seal, copies of her

medical records to the Court.  (Doc. No. 71.)  Four days later, Attorney Nahass provided the

6

medical records (Doc. No. 72), along with a proposed order containing the following language: "[t]he deposition of Plaintiff is extended and will occur by June 15, 2021" (Doc. Nos. 73, 73-1). The Court, after reviewing the medical records provided by Plaintiff, approved Attorney Nahass's proposed order and directed that Plaintiff's deposition be completed by no later than June 15, 2021. (Doc. No. 74.)

Defendant again submitted a letter to the Court on July 7, 2021. (Doc. No. 77.) Counsel for Defendant wrote, among other things:

> Plaintiff appeared for her deposition on June 7th and she was awake/alert. At the conclusion of the deposition, counsel agreed to meet and confer at some point during the next few days on case deadlines. Thereafter, on June 11th, the undersigned wrote to Plaintiff's counsel to schedule a time to meet and confer regarding a joint motion. No response was received and a follow-up email was sent on June 15th. An out-of-office message indicated that Plaintiff's counsel was away until June 19th, so a second follow-up email was sent on June 23rd.
>
> Five days later, on June 28th, Plaintiff's counsel responded and advised that he was available to speak that afternoon, the afternoon of Wednesday, June 30th, or the morning of Friday, July 2nd. In response, the undersigned advised that I was available that afternoon and raised the issue of an outstanding document request. No call was received that afternoon and the undersigned sent a follow-up email on June 29th, inviting counsel to call me on Wednesday afternoon on my cellular phone. As of the date of this letter, no further communication has been received and, therefore, the joint motion has not yet been filed and it is unclear if/when that will occur.
>
> In addition to the above, the undersigned has been attempting to obtain several documents and pieces of information from Plaintiff for months. On January 20, 2021, the undersigned sent a request to Plaintiff's counsel, seeking various pieces of information and documents referenced during the first day of Plaintiff's deposition. No response was received to several follow-up emails and this issue was raised before Your Honor in March 2021 alongside the issue of Plaintiff's purported inability to sit for a deposition.

(Id. at 1) (citations to exhibits omitted). Counsel for Defendant additionally wrote that Plaintiff had yet to identify the names of and contact information for unidentified classmates who would be able to provide information bearing on the issue of whether Plaintiff was treated differently

than her classmates on the basis of her disabilities.  (Id. at 2.)

In response to Defendant's July 7, 2021 letter, Attorney Nahass submitted a letter requesting that Plaintiff be permitted until August 16, 2021, to provide all outstanding discovery requests.  (Doc. No. 76.)  Attorney Nahass also "propose[d] that, following the production of Plaintiff's responses, [] Defendant be afforded the opportunity to prescribe (pending the Court's agreement) any further discovery and case management deadlines, to which the Plaintiff will agree in the absence of a legitimate and compelling reason," adding "Plaintiff will identify any such legitimate and compelling reason for the Defendant within forty-eight (48) hours of receiving the Defendant's proposed deadlines."  (Id.)  After reviewing the parties' letters, the Court granted Attorney Nahass's request and directed that Plaintiff provide all outstanding discovery by August 16, 2021.  (Doc. No. 79.)

On August 26, 2021, Defendant submitted yet another letter to the Court.  (Doc. No. 81.) Defendant represented that Plaintiff had failed to "answer most of the requests" for outstanding discovery.  (Id. at 1.)  Defendant again reached out to Attorney Nahass to remedy the failure to provide complete discovery requests and again received no response.  (Id.)  Defendant argued that Plaintiff had still not provided the names of any of her former classmates who allegedly "committed the same violations" as Plaintiff (e.g., turned in tests late or showed up late to exams) but were not similarly punished.  (Id.)  Defendant stated that Plaintiff had listed almost sixty (60) classmates during discovery who "may be able to testify to witnessing how [the PA Program] treated Plaintiff differently from other, non-disabled students."  (Id. at 2.)  Defendant noted that, at her deposition, Plaintiff was unable to identify any classmates "who committed the same infractions as Plaintiff, but who were not punished."  (Id.)  Defendant's letter referenced other failures of Plaintiff to provide relevant discovery.  (Id. at 3.)

The Court again ordered Attorney Nahass to respond to Defendant's letter.  (Doc. No. 80.)  Attorney Nahass complied and submitted a letter addressing each alleged deficient discovery responses.  (Id. at 82.)  Attorney Nahass denied that any of the discovery responses were deficient.  (Id. at 1-2.)  He wrote that Plaintiff could "identify certain classmates with knowledge" of disparate treatment, although she could not point to any individuals who were treated differently than her for having committed the same infractions.  (Id. at 1.)  He also denied any deficiencies as to the remaining issues raised in Defendant's letter.  (Id. at 2.)

In an Order dated September 22, 2021, the Court directed Plaintiff to provide complete responses to Defendant's discovery requests or else indicate that she has no further discovery to provide on each relevant topic.  (Doc. No. 83.)  As to the principal issue raised in Defendant's August 26, 2021 letter, the Court stated as follows:

> Defendant first asserts that Plaintiff has failed to respond to its request for the names of and contact information for the numerous classmates who, according to Plaintiff, "committed the same infractions as Plaintiff, but who were not [similarly] punished."  Plaintiff's response identifies two classmates with whom she "discussed" various "issues," but she has not clearly delineated the "issues" to which she refers.  She identified the two classmates in the context of her assertions that "most or all of the students in her class/cohort of 2017 would have knowledge" of the following: (1) the inconsistent and arbitrary enforcement of certain rules; (2) the PA Program Director's statement that "students would be informed immediately if/when their grades were unsatisfactory"; and (3) "the lack of timely grading and transcripts . . . ."  Plaintiff has not specified which "issues" she alleges to have discussed with those two classmates, much less whether those issues implicate the classmates' knowledge of differential treatment, if any.  The Court will therefore direct Plaintiff to squarely respond Defendant's request that she not only identify and provide the contact information for any classmate who has such knowledge but also indicate the basis and subject of such knowledge.  If Plaintiff is unable to identify any other classmates who can speak to the issue of differential treatment, Plaintiff shall so indicate.

(Doc. No. 83 at 2) (citations to the record omitted).  The Court also thoroughly addressed the remaining discovery disputes argued in the parties' letter submissions.

After the Court issued its September 22, 2021 Order, it issued another Order, dated

October 8, 2021, directing Plaintiff to file a status report outlining the status of this action at that time. (Doc. No. 84.) In response, on October 15, 2021, Attorney Nahass submitted a status report representing that discovery was ongoing, that the parties had conferred and agreed "that some additional time for discovery is warranted," and that "Your Honor will be presented with a Joint Motion to Extend Discovery Deadlines in the immediate future." (Id.) The letter concluded: "It is anticipated that discovery will be finalized early in the New Year, with dispositive motions, if any, filed shortly thereafter." (Id.) Three weeks after Attorney Nahass submitted the status report, he filed a proposed order seeking an extension of the deadline for the completion of fact discovery to January 14, 2022, and setting a February 14, 2022 deadline for the submission of dispositive motions. (Id.) The Court adopted the proposed order and scheduled a post-discovery status conference for January 20, 2022. (Doc. No. 87.)

On January 13, 2022, the parties submitted a joint motion for an extension of time to complete discovery. (Doc. No. 88.) The Court granted the motion and extended the deadline for the close of fact discovery to March 14, 2022, setting a post-discovery status conference for March 17, 2022. (Doc. No. 89.) In the interim, on January 26, 2022, Defendant submitted a letter to the Court requesting a conference to determine whether Plaintiff intended to continue prosecuting this case.[2] Defendant indicated that certain of Plaintiff's prior allegations—such as that Defendant had prevented her from filing suit, which was a ground upon which Judge Pratter had permitted some of her claims to proceed past Defendant's initial dispositive motions—were untrue based on her own admissions during her deposition. (Id. at 1.) In addition, Defendant stated that, contrary to Plaintiff's prior representations that she was aware of other non-disabled students who were treated differently than her, Plaintiff testified at her deposition that she was

_____

[2] Defendant sent the January 26, 2022 letter to the Court via email but did not e-file it.

not aware of any such students.  (Id.)  Defendant also noted that Plaintiff had recently admitted that she had agreed to the terms of a 2017 letter agreement, according to which Defendant was permitted to discharge her from the PA Program if she failed to comply with the program's rules regarding timeliness and professionalism, which she admitted to having violated.  (Id. at 2.)

In light of Defendant's January 26, 2022 letter, the Court scheduled a February 10, 2022 conference with the parties.  (Doc. No. 92.)  At that conference, Defendant reiterated its belief that Plaintiff's claims are baseless.  Attorney Nahass, in response, proposed that the Court issue an order directing Plaintiff, within five days from the close of discovery, to file a letter with the Court indicating the claims that she wished to pursue and voluntarily dismissing any meritless claims.  Defendant represented its disbelief that Attorney Nahass's proposal would lead to any progress in this case, but the parties reached a compromise by which Plaintiff would submit a proposed order directing Plaintiff to identify the claims on which she wished to proceed.  On the date of the conference, Attorney Nahass submitted the parties' proposed order, which directed Plaintiff to: (1) identify, in writing to Defendant, which of her existing claims she intended to pursue in this matter by February 17, 2022; and (2) file notice of her voluntary dismissal of all other claims by February 21, 2022.  (Doc. No. 94.)  The Court approved the proposed order the same day and ordered Plaintiff to identify the claims she intends to pursue in this matter and voluntarily dismiss any other claims.  (Doc. No. 95.)

In response to the Court's February 10, 2022 Order, Plaintiff responded with several letters (some filed in the Eastern District of Pennsylvania) and related exhibits—over 150 pages of materials—asserting that Attorney Nahass abandoned her case, violated rules of ethical conduct, filed claims that he knew were meritless, and failed to provide her with referrals to enable her to obtain another attorney.  (Doc. Nos. 96, 99-101, 103-04.)  Plaintiff's submissions

indicated that she had retained, before Attorney Nahass, two other attorneys—one who had assisted her before she initiated this suit, and the other assisted her with the drafting and filing of her complaint, which Plaintiff represented that she filed pro se.  (Doc. Nos. 1, 1-1, 104 at 6.) Plaintiff filed a complaint against the first attorney with the Disciplinary Board of the Supreme Court of Pennsylvania.  (Doc. No. 100-1.)  She alleged malpractice stemming from the attorney's neglect and abandonment of her case.  (Id.)  The Disciplinary Board dismissed her complaint. (Id.)  Plaintiff's letters also indicated her suspicion of a conspiracy among her first two attorneys, Attorney Nahass, counsel for Defendant, and all her medical providers and therapists, although she was unsure why Attorney Nahass "signed on to the conspiracy too."  (Doc. Nos. 104, 107.)

In one of Plaintiff's submissions, she stated: "[Defendant] can't be sued for breach of contract," and "I believe I can't really recover for violation of ADA."  (Doc. No. 101 at 32.)  In the same letter Plaintiff wrote that she and her mother were very sick and that she, Plaintiff, suffers from various illnesses, including "genetic condition called Familial Mediterranean Fever," lymphedema, neutropenia, and related complications.  (Id. at 1-2.)  She wrote that she had "never had a real evaluation by a doctor."  (Id. at 2.)  She also wrote that she "need[ed] a lawyer right now so I can stay safe," citing Drexel College of Medicine as a co-conspirator involved in the various conspiracies surrounding her.  (Id.)  Plaintiff similarly stated, in an email response to Attorney Nahass's firm, that she was afraid of him and that he was harassing her by responding to an email that he had sent in response to a question she posed about whether the Court had been receiving her letters.  (Doc. No. 104 at 3.)

After Plaintiff filed the first of her letters, Attorney Nahass moved to withdraw from his representation of Plaintiff.  (Doc. No. 97.)  Defendant did not oppose Attorney Nahass's motion but requested that the Court, if it issued an order granting the motion, include "deadlines that

move this case forward" in light of (1) the issues raised in its various letters to the Court and (2) the fact that Plaintiff was "seeking to retain her fourth counsel to prosecute claims of dubious merit."[3]  (Doc. No. 98.)

On March 14, 2022, the Court issued an Order: (1) granting Attorney Nahass's motion to withdraw as Plaintiff's counsel of record; (2) directing Plaintiff, on or before April 13, 2022, to either (i) advise Defendant of the identity of her newly retained counsel or (ii) advise the Court that she is proceeding pro se; (3) directing Plaintiff to produce outstanding discovery by April 15, 2022; (4) scheduling a status conference for April 20, 2022; and (5) instructing Plaintiff that either she or her newly retained counsel must appear telephonically for the April 20, 2022 conference.  (Doc. No. 102.)  The only response from Plaintiff was a letter, dated April 18, 2022, in which Plaintiff dictated that the undersigned is obligated to locate counsel for her and to reallocate the funds she paid to former counsel to her new attorney, writing:

> In response to your March 14, 2022 order, I am aware that the Court is required to assist me in identifying and retaining new counsel.  I am not equipped to proceed pro se in this matter, and doing so would be incredibly inefficient.  Furthermore, I am aware that only the Court, under certain circumstances can terminate my representation.  These circumstances were met, as Mr. Nahass was colluding (conspiring) with the (my) opposing party.  This is clear from what is presented in (throughout) documents 95-101 and 103-104.  The Court is in the best position to be able to reallocate the resources/funds I used to retain Mr. Nahass toward new representation.  Therefore, I am requesting that the Court promptly assist me in identifying and retaining new counsel to proceed with this lawsuit.

(Doc. No. 107.)  Plaintiff did not appear for the April 20, 2022 telephonic conference or

---

[3] That Plaintiff had retained or used three prior attorneys in connection with her claims is not immediately apparent from the record in this case.  To be sure, one attorney, Attorney Nahass, has represented her in all of her filings with the Court.  But the record does not reference any other attorneys.  Nevertheless, Plaintiff's submissions indicate that she did in fact have (or used the assistance of) two other attorneys, one prior to commencing this action (against whom she filed subsequently unsubstantiated ethical violations), and one for "two days" who assisted in drafting her original complaint.  (Doc. No. 104 at 6.)

otherwise make any attempts to comply with the Court's Order.

In response to Plaintiff's various letters and her failure to appear for the April 20, 2022 conference, the Court issued an Order, dated April 26, 2022, again directing her to "notify the Court and counsel for Defendant, on or before May 16, 2022, as to whether she intends to proceed pro se or has obtained new counsel, in which case she shall identify her newly retained counsel." (Doc. No. 110 at 3.) In the same Order, the Court scheduled a May 19, 2022 conference, stating: "All parties must participate in the call. Either Plaintiff pro se or her attorney, if she retains one, shall initiate the phone call. The telephone number for purposes of this call is 717-221-3990." (Id.) The Court also advised Plaintiff, in bolded and underlined language, that her failure to comply with the Order "may result in the dismissal of this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." (Id.)

Plaintiff did not comply with the Court's April 26, 2022 Order. On the date of the scheduled May 19, 2022 conference, neither Plaintiff nor an attorney on her behalf called in at the scheduled time or at any point thereafter. On May 24, 2022, the Court issued an Order directing Plaintiff to file a letter by Friday June 3, 2022, explaining why she believes this case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). To date, Plaintiff has not filed any submissions with the Court or otherwise attempted to communicate with the Court regarding this case in response to the Court's May 24, 2022 Order.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." See Fed. R. Civ. P. 41(b). District courts have the inherent power to dismiss an action sua sponte for failure to prosecute. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). When determining whether to dismiss

14

an action for a plaintiff's failure to prosecute under Rule 41(b), the Court must balance the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868.  Not all of the Poulis factors must be satisfied in order for a court to dismiss a complaint.  See Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009) (not precedential); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

## III.   DISCUSSION

Beginning with the first Poulis factor, because Plaintiff has been proceeding pro se since March 14, 2022 (Doc. No. 102), it was her responsibility to comply with the Court's orders.  See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002); Winston v. Lindsey, No. 1:09-cv-00224, 2011 WL 6000991, at *2 (W.D. Pa. Nov. 30, 2011) (stating that a pro se litigant "bears all of the responsibility for any failure to prosecute his claims").  Plaintiff has failed to comply with several orders and was twice warned that her failure to comply—including by failing to appear at scheduled conferences—would result in the dismissal of this case.  Moreover, on numerous occasions, Attorney Nahass represented difficulties communicating with Plaintiff about matters pertaining to her case, further suggesting that she shoulders personal responsibility for failing to litigate this matter.  While Plaintiff appears to place all culpability with her attorneys, medical providers, and Defendant, her claims of conspiracies aimed at thwarting her ability to recover in this case are unsubstantiated.  The record, as it stands, strongly suggests that Plaintiff has "spent most of [the] time [in this litigation] either frustrating h[er] lawyer's efforts

to participate in discovery or personally ignoring Defendant['s] requests and the Orders of this Court."  See Crawford v. Duggan, No. 3:04-cv-00166, 2007 WL 217816, at *3 (W.D. Pa. Jan. 26, 2007).  Accordingly, the first Poulis factor weighs in favor of dismissal.

Regarding the second Poulis factor—prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery—counsel for Defendant, with commendable patience and understanding, has undoubtedly invested countless hours attempting to obtain relevant discovery.  Plaintiff commenced this action three years ago, and discovery is still outstanding.  The "significant amount of time and resources spent by Defendant has been largely unproductive because Defendant has not been able to move this case beyond the initial stages of discovery, nor has Defendant been able to file any dispositive motions addressing the merits of Plaintiff's claims."  See Baker v. Accts. Receivables Mgmt., Inc., 292 F.R.D. 171, 178 (D.N.J. 2013).  The protracted nature of this action and the relatively little progress that it has seen over the past few years undoubtedly prejudiced Defendant.  See Crawford v. Duggan, No. 3:04-cv-00166, 2007 WL 217816, at *3 (W.D. Pa. Jan. 26, 2007) (concluding that the second Poulis factor weighed in favor of dismissal where the defendants "vainly waited almost two years for the information they legitimately requested in their good-faith discovery efforts," and where court "deadlines ha[d] come and gone without [d]efendants being able to effectively prepare even the semblance of a trial strategy").  The Court therefore concludes that the second Poulis factor counsels in favor of dismissal of this action.

Examining the third factor, a history of dilatoriness, the Court observes that Plaintiff has failed to comply with the three most recent of the Court's orders.  Her failures to comply, despite having been cautioned that noncompliance would result in dismissal of her case, demonstrates Plaintiff's intention to abandon or discontinue this litigation.  See Pozoic v. Cumberland Cnty.

Prison, No. 11-cv-01357, 2012 WL 114127, at *3 (M.D. Pa. Jan. 13, 2012); Bush v. Lackawanna

Cnty. Prison, No. 14-cv-01253, 2017 WL 2468795, at *2 (M.D. Pa. June 7, 2017).  Accordingly,

given Plaintiff's history of dilatoriness, the third Poulis factor weighs in favor of dismissal.

      The Court finds that the fourth and fifth Poulis factors, whether Plaintiff's conduct was

willful or in bad faith and the effectiveness of sanctions other than dismissal, also weigh in favor

of dismissal.  First, Plaintiff's failure to abide by the Court's orders "demonstrate[d] a willful

disregard for procedural rules and court directives."  See Gilyard v. Dauphin Cnty. Work

Release, No. 1:10-cv-01657, 2010 WL 5060236, at *2 (M.D. Pa. Dec. 6, 2010).  Thus, the fourth

Poulis factor weighs in favor of dismissal.  Second, because Plaintiff has not communicated with

the Court in any manner for over two months and failed to appear for scheduled conferences, the

Court is without any viable alternative to dismissal.  Plaintiff has remained silent despite the

Court's warnings that her case would be dismissed if she failed to comply with its orders.  There

is nothing in the record suggesting that Plaintiff's medical conditions have, over the past two

months, debilitated her to the point that she can no longer make calls or write letters.  Plaintiff

drafted a series of letters in March and April of this year despite her contemporaneous assertions

that her medical conditions had been severely debilitating her.  The Court is sympathetic to

Plaintiff's medical conditions but is unable to fashion any sanction short of dismissal.

Accordingly, the Court concludes that the fifth Poulis factor militates in favor of dismissal.

      Lastly, regarding the sixth factor, the meritoriousness of Plaintiff's claims, she appears to

have acknowledged that she cannot pursue an ADA or breach of contract claims against

Defendant, see supra.  Further, as Defendant notes, Plaintiff admitted that she violated rules of

conduct and was unable to identify any individuals who committed the same infractions but were

not similarly punished.  She also failed to identify any such individuals in response to the Court's

September 22, 2021 Order directing her to provide the same.   (Doc. No. 88.)  At the February

10, 2022 conference with the parties, Attorney Nahass stated that many of Plaintiff's claims are

not meritorious and suggested that the Court order Plaintiff to identify any viable claims and

voluntarily dismiss the others.  Even if Plaintiff were able to establish potential merit to any

claims, she has failed to comply with the Court's orders or otherwise "contact the Court to

explain her actions" such that "the Court is out of options for bringing a case to a conclusion on

the merits."  See New-Howard v. JP Morgan Chase Bank, NA, 660 F. App'x 144, 148-49 (3d

Cir. 2016) (not precedential).  As such, the last Poulis factor either weighs in favor of dismissal

or is, at best, neutral.

        In sum, upon balancing all of the Poulis factors, the Court finds that the relevant factors

weigh heavily in favor of dismissing this action pursuant to Federal Rule of Civil Procedure

41(b) for Plaintiff's failure to prosecute.  Further, in light of Plaintiff's failures to comply with

the Court's Orders and silence over the past two months, and given that she has yet to respond to

the Court's show-cause Order, the Court will dismiss this action with prejudice.  See Hamer v.

LivaNova Deutschland GmbH, 994 F.3d 173, 177 n.3 (3d Cir. 2021) (noting that "[d]istrict

courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims

with prejudice for failure to comply with a court order"); New-Howard, 660 F. App'x at 149

(affirming grant of Rule 41(b) where the "District Court was general in accommodating [the

plaintiff's] litigation needs until it was no longer reasonable to do so").

IV.     **CONCLUSION**

        For the foregoing reasons, the Court will dismiss this action for failure to prosecute

pursuant to Federal Rule of Civil Procedure 41(b).  The Court will dismiss the action with

prejudice because there is no alternative sanction that can be imposed at this point of the

proceedings.  An appropriate Order will follow.

 s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania